Aron Steuer, J.
An apartment was occupied on March 1, 1950 by a tenant and his wife. Then their daughter, son-in-law, and grandchild moved in. Petitioner applied for an increase *450 pursuant to section 4 (sub. 4, par. [a], cl. [9]) of the State Residential Rent Law (L. 1946, ch. 274, as amd.). This section provides for an increase where the number of tenants is increased by persons ‘ ‘ not members of the immediate family of the tenant ” (L. 1955, ch. 685). There is complete agreement as to what the quoted words mean. They include only a son, daughter, father, mother, father-in-law and mother-in-law. The respondent in applications before this and other Special Terms has been insistent on a strict limitation to these persons wherever the quoted phrase has been used in the statute and has been uniformly sustained in that attitude. (See Sanchez v. Weaver, N. Y. L. J., Jan. 31, 1957, p. 6, col. 5.) He has also held that where a son has married and left the family he ceased to be a member of the family and that has also been sustained (Schrenkman v. Weaver, N. Y. L. J., Oct. 19, 1956, p. 10, col. 8). In the administration of the office it is nice to be humane but it is essential to be consistent.
The above is not a criticism of the action of the Administrator in this case because in the building in question he has been affirmed on a similar ruling (Matter of Grant-Morris Mgt. Corp. v. Weaver, N. Y. L. J., March 13, 1956, p. 6, col. 4). Perhaps the contrary holdings of the Administrator were not called to the court’s attention. Regardless, it is unfortunate that I cannot agree with the basis of the decision. It was there held that the matter was discretionary in view of the continued scarcity of accommodations. This would be both salutary and pertinent if the question involved were whether the young couple involved was entitled to occupy the apartment, but the question is whether they are entitled to occupy it rent free, and on that question the condition of the rental market has no bearing.
The motion, pursuant to article 78 of the Civil Practice Act to review and annul the order of respondent in denying petitioner’s application for an increase in rent, is granted.